NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JUN 27 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| In re:<br><br>SILICON ALLEY GROUP INC.,<br><br>Debtor. | On Appeal from an Order for the United States Bankruptcy Court, District of New Jersey |
| KASURI BYCK, LLC,<br><br>Appellant,<br><br>v.<br><br>OFFICE OF THE UNITED STATES TRUSTEE,<br><br>Appellee. | Civ. No. 16-8825<br><br>OPINION |

THOMPSON, U.S.D.J.

This matter has come before the Court on an appeal brought by Kasuri Byck, LLC ("Appellant") of an Order issued by the Bankruptcy Court on November 23, 2016 (the "Order"). (ECF Nos. 1, 4). The Order required Appellant to disgorge all fees received in connection with its representation of Silicon Alley Group, Inc. ("Debtor") in the above-referenced case in the Bankruptcy Court. (ECF No. 1-1). The Office of the United States Trustee ("Appellee") opposes Appellant's appeal. (ECF No. 5). The Court has decided the appeal based on the submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons below, the November 23, 2016 Order of the Bankruptcy Court will be affirmed.

1

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and only summarizes here those facts pertinent to the Court's Opinion. On April 28, 2016, Harrison Byck, Esq.—an attorney of Appellant's firm—filed a chapter 11 bankruptcy petition for Debtor. (*In re Silicon Alley Group, Inc.*, Case No. 16-18244 CMG, ECF No. 1). On June 16, 2016, Debtor filed an application to employ Appellant as Counsel for Debtor. (Case No. 16-18244 CMG, ECF No. 17). On August 24, 2016, the Bankruptcy Court later granted that application retroactive to June 16, 2016. (Case No. 16-18244 CMG, ECF No. 52). However, while Debtor's application to employ Appellant was pending, Appellant moved to withdraw as counsel. (Case No. 16-18244 CMG, ECF No. 35). Appellant's motion to withdraw was granted. (Case No. 16-18244 CMG, ECF No. 70). The Bankruptcy Court also granted Debtor's application to hire new counsel. (Case No. 16-18244 CMG, ECF No. 48).

On October 4, 2016 Appellant filed a fee application requesting a fee award of $7,187.20 and reimbursement of $1,717.00 in expenses. (Case No. 16-18244 CMG, ECF No. 93). On October 5, 2016, Debtor, through new counsel, moved the Bankruptcy Court for an order directing, *inter alia*, the return of all moneys paid to Appellant. (Case No. 16-18244 CMG, ECF No. 94). On October 21, 2016, the United States Trustee also objected to Appellant's fee application. (Case No. 16-18244 CMG, ECF No. 114).

On November 15, 2016, the Bankruptcy Court held a hearing on Appellant's fee application. (Case No. 16-18244 CMG, ECF Entry Dated 11/15/16). At the hearing, the Bankruptcy Court found that, for a number of reasons, Appellant had not earned a fee in this case. The Bankruptcy Court determined that Appellant would be required to disgorge all fees received in connection with its representation of Debtor.

On November 23, 2016, the Bankruptcy Court entered an order requiring Appellant to disgorge "all fees received for representation of Debtor." (Case No. 16-18244 CMG, ECF No. 120). On November 29, 2016, Appellant appealed from the Bankruptcy Court's November 23, 2016 Order. (ECF No. 1). Appellant filed his brief in this Court on February 27, 2017 (ECF No. 4), and Appellee filed a response on March 27, 2017 (ECF No. 5). This appeal is presently before the Court.

## JURISDICTION AND LEGAL STANDARD

District courts have jurisdiction over appeals from decisions of bankruptcy judges under 28 U.S.C. § 158(a). Bankruptcy Rule 8013 states that a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bank. P. 8013. The district court "review[s] the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007); *see also* Fed. R. Bank. P. 8013 (directing that "[f]indings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.").

## DISCUSSION

Appellant appears to argue that the Bankruptcy Court erred in ordering that Appellant disgorge all fees received in connection with its representation of Debtor in the case in Bankruptcy Court.[1]

---

[1] The Bankruptcy Court did not specify which statutory provision it based its decision on, nor is Appellant's brief clear about which statute it bases its motion on. Nonetheless, the Court will discuss both statutes cited in the proceedings in the Bankruptcy Court, 11 U.S.C. § 330 and 11 U.S.C. § 329.

3

Under 11 U.S.C. § 330(a)(1)(A), a Court may award "reasonable compensation for actual, necessary services" performed by an attorney in a Bankruptcy case. "In determining the amount of reasonable compensation to be awarded ... the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. § 330(a)(3).

A Court cannot allow compensation for unnecessarily duplicative services or services that were not "reasonably likely to benefit the debtor's estate or necessary to the administration of the case." 11 U.S.C. 330(a)(4)(A). The language of § 330 stating that the Court "*may* award" reasonable compensation "imbues the Court with discretionary authority." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994).

Additionally, under 11 U.S.C. § 329(b), a Court may order the return of attorneys' fees paid if such fees exceed the reasonable value of the services rendered. *See* 11 U.S.C. § 329(b). "Pursuant to § 329, courts have ordered attorneys to disgorge their fees for services they rendered to their debtors-clients because such services were of no value." *In re Vargas*, 257 B.R. 157, 166–67 (Bankr. D.N.J. 2001) (citations omitted).

In this case, at the November 15th hearing, the Bankruptcy Court cited multiple instances where Appellant's representation of debtor was inadequate or inappropriate. Specifically, the Bankruptcy Court found that Appellant had failed to turn over client documents to Debtor's new

4

counsel,[2] and the Court stated, "That's not proper representation of your client. It's not a professional way for an attorney to act." (Appendix p. 175 (A175), Tr. at 24:18–24:19). The Bankruptcy Court also determined that Appellant had "completely dropped" the proverbial "ball" by failing to timely oppose—or at the very least, failing to disclose a potential conflict of interest and request an extension of time to oppose—a motion regarding Debtor's use of cash collateral early on in the case. (A175–A176, 24:20–25:14). The Court further determined that certain filings made by Appellant were incorrect or improper. (A176–A177, Tr. at 25:15–26:13). Ultimately, the Court found that Appellant "did not contribute to any progress that was made in this case." (A177, Tr. 26:14–26:16). As a result, the Bankruptcy Court found that no fee was earned, and it ordered Appellant to disgorge all fees previously received for its representation of Debtor. Having considered Appellant's arguments, this Court is not persuaded that the Bankruptcy Court erred in making such a determination. Therefore, this Court will affirm the November 23, 2016 Order of the Bankruptcy Court.

## CONCLUSION

For the reasons stated above, the November 23, 2016 Order of the Bankruptcy Court will be affirmed. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[2] Appellant argued that it assumed that it needed the Court's permission to turn over client documents to new counsel. However, as the Bankruptcy Court noted, Appellant never asked for permission from the Bankruptcy Court to turn over these documents. (A175, Tr. at 24:8–24:19).

5